(30 Misc. Rep. 390.)

### BRAKER v. McMORROW et al.

(Supreme Court, Special Term, New York County. January, 1900.)

INJUNCTION—ADVERSE POSSESSION—TITLE—CONFLICTING RECORDS—PRIVIES.
　　Plaintiff's claim of title was based on his record title, and on adverse possession for 40 years. The title descended by mesne conveyances to plaintiff from the executors of a deceased testator, who had left the tract in controversy to his brother. Plaintiff's immediate grantors made statements in 1890 that they did not own the tract in controversy, and for that reason did not build thereon. Defendant's grantors obtained title through the executors of testator's brother, and this title had been approved by a title company. *Held*, that defendant would not be restrained from building on the property in controversy.

Motion by Henry J. Braker against Patrick McMorrow and another for an injunction to restrain defendants from building on certain real estate. Denied.

Butler & Wyckoff, for plaintiff.
Frank H. Gray, for defendants.

FITZGERALD, J.  The plaintiff seeks to restrain the defendants from erecting a building on the west side of Central Park West, at a point 20 feet south of 107th street, adjoining the premises No. 468 Central Park West.  The plaintiff bases his claim to the 3 feet of property in dispute on his record title, and upon adverse possession for a period extending over 40 years.  It appears that for a long time prior to May 7, 1852, the premises in question formed part of a tract of land extending from about 103d street to the northerly side of the premises above described, and were owned and possessed by James Vanderpoel and Thomas W. Olcott, who purchased the same in June, 1841, from Thomas Addis Emmett, master in chancery.  The executors of Vanderpoel conveyed their interest to Henry T. Morgan.  Thomas W. Olcott and wife conveyed their interest in same to Richard L. Wells, who thereafter conveyed same to Henry T. Morgan.  Henry T. Morgan and wife, by deed dated June 24, 1879, and recorded December 20, 1879, conveyed to Alexander C. Morgan certain premises.  The complaint says, referring to this conveyance, "that at the time the conveyance above referred to, from Henry T. Morgan to Alexander C. Morgan, was made and delivered, and prior thereto, the description of said premises apparently did not include anything north of a point 181 feet and 9¾ inches northerly from the north side of 106th street, which point was twenty feet south of the corner of 107th street and Central Park West" (then 8th avenue).  Alexander C. Morgan conveyed to Edwin D. Morgan, by two deeds, certain premises.  Subsequently Edwin D. Morgan died, leaving a will, from which it appears that the strip of 3 feet, together with other property, was devised to his brother, Homer Morgan.  The executors of Edwin D. Morgan conveyed premises on the west side of 8th avenue (extending to a point 20 feet south of 107th street) to Gilbert A. Webber, and by subsequent conveyances the title to said premises vested in the plaintiff.  Albert G. Dearing, who, in conjunction with John J. Dennis and John H. Tolles, was the owner of the premises in question, erected the building now the property of the plaintiff.  On February 24, 1890, the said Dearing and Tolles executed an agreement with the building department by which the space of 3 feet was reserved for the use of light and air for said premises on the north side thereof.  Albert G. Dearing swears "that he was aware at that time that he had no title to said strip of three feet on the north side, but made said agreement in order to get his plans passed in the building department."  John H. Tolles swears "that he did not consider that he had any title whatever to the three feet adjoining said premises running on a line with Central Park West in a northerly direction, which is the three-feet strip in question in this action, and therefore did not erect said building to cover said entire premises as he would have done had he been the owner thereof."  By deed recorded April 20, 1899, Alexander C. Morgan and John A. Ballister, executors of Homer Morgan, conveyed to Florence Gray the three feet

on the north side of premises No. 468 Central Park West. Said deed, by express terms, provided as follows:

"That the premises hereinafter described form part of a tract of land, the title to which stood in the name of Alexander C. Morgan, one of the executors below named, the northern portion of which tract was conveyed by said Alexander C. Morgan to Edwin D. Morgan, and all the remaining portion to Henry T. Morgan in his lifetime, who devised the same to his brother, Homer Morgan, now deceased; that it was intended by said Alexander C. Morgan to include the premises hereinafter described in the conveyance to said Edwin D. Morgan; and that all of the interest of said Edwin D. Morgan has by various mesne conveyances become vested in, and now belongs to, the party of the second part thereto."

On June 21, 1899, the defendant purchased the said 3 feet, together with the property extending to the southwest corner of Central Park West and 107th street, from Florence Gray; and the title to said property was passed and approved by the Lawyers' Title Company, and a policy issued thereon, covering premises on the west side of Central Park West, extending to a point 19 feet 8 inches south of 107th street. The affidavits submitted as to the erection and maintenance of the fence are so conflicting that they must be entirely eliminated from consideration. It appears that plaintiff's claim for an injunction is not well founded, and the temporary injunction is vacated, and motion for a permanent injunction denied.

Motion denied.